| Lee v Nejat |
| :---: |
| 2024 NY Slip Op 30356(U) |
| January 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 800296/2011 |
| Judge: Erika M. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. ERIKA M. EDWARDS** | **PART 10M** |
| | *Justice* | |

-----------------------------------------------------------------------------X

SUSAN S. LEE ,

Plaintiff,

- v -

MORRIS NEJAT, M.D., F.A.A.P., Individually, d/b/a NEW
YORK ALLERGY & SINUS GROUP, PLLC., NEW YORK
UNIVERSITY MEDICAL CENTER, and NEW YORK-
PRESBYTERIAN WEILL CORNELL MEDICAL CENTER,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 800296/2011 |
| **MOTION DATE** | 1/04/2023 |
| **MOTION SEQ. NO.** | 013 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 013) 135, 136, 137, 138, 139

were read on this motion to/for _____REARGUE_____.

Upon the foregoing documents, the court denies *pro se* Plaintiff Susan Lee's ("Plaintiff")

motion to reargue the court's Decision and Order, dated October 31, 2023, which was entered on

November 21, 2023, and filed under NYSCEF Doc. No. 132, where the court granted Plaintiff's

counsel Sal Spano, Esq. of Edelman, Krasin & Jaye, PLLC's ("the Firm") motion to withdraw

from its representation of Plaintiff filed under motion sequence 012.

In its Decision and Order, the court granted the Firm's motion to be relieved as Plaintiff's

counsel, the court stayed the matter until January 4, 2024, for Plaintiff to advise the court

whether she wishes to appoint new counsel, proceed *pro se*, or discontinue the action against the

defendants. The court also determined that Plaintiff's discharge of the Firm was not for cause

sufficient to preclude the Firm's request for a charging lien and retaining lien on its file.

Therefore, the court granted the Firm's request for a charging lien in an amount to be determined

at the completion of this matter should it result in a favorable outcome to Plaintiff and a retaining

lien on Plaintiff's file in the amount of $20,961.62, which must be paid or secured prior to the Firm's release of the file.

Plaintiff now moves for reargument and upon reargument seeks an order denying the portions of the motion seeking a charging lien and retaining lien. Plaintiff argues in substance that the court overlooked Mr. Spano's failure to address the specific factual allegations that Plaintiff raised in her partial opposition to the motion and the court misapplied the law governing the nature of the type of conduct that entitles a client to discharge an attorney for cause.

There was no opposition to Plaintiff's motion to reargue.

Pursuant to CPLR 2221(d)(2), a motion for leave to reargue is left to the sound discretion of the court and may be granted only where the moving party contends that an issue of law or fact had been overlooked or misapprehended by the court when deciding the original motion (CPLR 2221[d][2]). It is not designed to provide the unsuccessful party successive opportunities to reargue issues previously decided by the court or to present new evidence or different arguments than previously raised (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [internal citations and quotation marks omitted]; *Setters v Al Props. & Devs. (USA) Corp.*, 139 AD3d 492, 492 [1st Dept 2016]).

The court denies Plaintiff's motion to reargue and finds that Plaintiff failed to demonstrate that the court overlooked or misapprehended an issue of fact or law in deciding the previous motion. The court considered all of the arguments raised by the parties and found that Plaintiff's arguments were insufficient to rise to the level of a for cause termination. Additionally, the court considered the controlling authority and granted the motion. Therefore, the court was unpersuaded by Plaintiff's arguments in opposition to both liens.

Now, Plaintiff raises some new arguments and repeats some of the same arguments raised in the previous motion. Neither is permissible on a motion to reargue.

Additionally, the court mentioned that it "has considered any additional arguments raised by the parties which were not specifically discussed herein and the court denies any additional requests for relief which were not expressly granted herein." Thus, the court acknowledged that although it did not specifically discuss each and every argument raised by the parties, it considered them. Therefore, it is clear that the court considered Plaintiff's arguments on the issues raised in the previous motion, but the court rejected them outright and granted the motion.

Although the court understands Plaintiff's dilemma and that a retaining lien can be a heavy burden and deterrence in retaining new counsel, the court found that outgoing counsel was entitled to it. The court declines to provide Plaintiff with any further explanation in support of its previous decision.

Again, the court has considered all arguments raised by Plaintiff in the instant motion, which may not have been specifically discussed herein and the court denies the instant motion.

As such, it is hereby

ORDERED that the court denies Plaintiff Susan Lee's motion to reargue the court's Decision and Order, dated October 31, 2023, which was entered on November 21, 2023, and filed under NYSCEF Doc. No. 132; and it is further

ORDERED that the stay in this matter is extended until thirty (30) days from the date of entry of this Decision and Order.

This constitutes the decision and order of the court.

| | |
|---|---|
| 1/30/2024 | *Erika Edwards* |
| **DATE** | **ERIKA M. EDWARDS, J.S.C.** |

CHECK ONE: ☐ CASE DISPOSED   ☒ NON-FINAL DISPOSITION

☐ GRANTED   ☒ DENIED   ☐ GRANTED IN PART   ☐ OTHER

APPLICATION: ☐ SETTLE ORDER   ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

[* 4]